UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION
IN RE

FRANK DIDIO,                                    CHAPTER 7

                                                CASE NO. 1-19-41281-cec

                    DEBTOR.                      CHIEF JUDGE: Carla E. Craig


## OBJECTION TO LOSS MITIGATION REQUEST


Katherine Heidbrink, attorney for Nationstar Mortgage LLC d/b/a Mr. Cooper as Servicer for

Deutsche Bank National Trust Company as Trustee for Merrill Lynch Mortgage Investors Trust,

Mortgage Loan Asset-Backed Certificates, Series 2007-MLN1, affirms under penalty as follows:


1.  I am a Bankruptcy Attorney with Shapiro, DiCaro & Barak, LLC, attorneys for Nationstar

    Mortgage LLC d/b/a Mr. Cooper as Servicer for Deutsche Bank National Trust Company as

    Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates,

    Series 2007-MLN1 ("Nationstar"), and am familiar with the facts and circumstances surrounding

    this matter.

2.  Nationstar holds a mortgage on the Debtor's real property located at 205 Riedel Avenue, Staten

    Island, NY 10306 (the "Property").

3.  This Objection is submitted in response to the Debtor's Loss Mitigation Request filed on April 10,

    2019 (ECF Doc. No. 14) and served on December 3, 2019 (ECF Doc. No. 30).

4.  Nationstar hereby objects to loss mitigation on the ground of mootness and prejudicial delay.

5.  The instant bankruptcy case is the Debtor's third recent filing.

6.  The Debtor's first bankruptcy case was filed as a Ch. 13 case on January 23, 2018 as Case No. 18-40369-cec (the "First Case").

7.  The First Case was a deficient filing, and the Debtor failed to appear at the initial 341 meeting. Resultantly, a Final Notice of 521 Deficiencies was filed on February 23, 2018 (ECF Doc. No. 8), and the Ch. 13 Trustee moved to dismiss the First Case on February 26, 2018 (ECF Doc. No. 10).

8.  On March 12, 2018, the First Case was automatically dismissed due to the various filing deficiencies (ECF Doc. No. 39).

9.  On March 15, 2018, the Debtor's Attorney in the First Case filed a request for loss mitigation and schedules (ECF Doc. No. 12).

10. On March 23, 2018, in an attempt to avoid the existing automatic dismissal, the Debtor voluntarily converted the case to Ch. 7.

11. On June 1, 2018, the First Case was closed.

12. Thereafter, the Debtor filed a second bankruptcy case as a Ch. 7 case on May 7, 2018 as Case No. 18-42651-cec (the "Second Case").

13. In the Second Case, the Debtor filed a loss mitigation request on May 7, 2018 (ECF Doc. No. 4).

14. Nationstar objected to loss mitigation in the Second Case, primarily because the Debtor had recently rejected a trial loan modification offer (ECF Doc. No. 20, filed June 7, 2018, the "First Objection"). A copy of the First Objection is attached as **Exhibit "1."**

15. In response to the First Objection, the Debtor withdrew the loss mitigation request in the Second Case (ECF Doc. No. 25, filed July 12, 2018). The Debtor then received a discharge in the Second Case on August 15, 2018 (ECF Doc. No. 26), and the Second Case closed thereafter.

16. Meanwhile, due to the ongoing default, Nationstar scheduled a foreclosure sale of the Property for March 7, 2019.

17. On March 5, 2019, two days before the scheduled foreclosure sale, the Debtor filed the third and instant bankruptcy case as Ch. 7 Case No. 19-41281-cec.

18. On April 10, 2019, the Debtor filed an unserved request for loss mitigation in the third and instant case. Despite having the benefit of counsel, the loss mitigation request was not served until the Debtor changed attorneys on December 3, 2019.

19. On May 31, 2019, this Court changed its loss mitigation procedures for cases assigned to Chief Judge Craig, insofar as motions for loss mitigation would be required effective July 1, 2019. This procedural change incorporated the burden of proof requirements of E.D.N.Y. Judge's Procedures § 22.

20. On June 24, 2019, this Court entered an Order directing the Debtor to serve the loss mitigation request (ECF Doc. No. 26). On November 6, 2019, this Court entered an Order to Show Cause why the loss mitigation request should not be denied for failure to serve the Creditor Nationstar (ECF Doc. No. 28). In response to the Order to Show Cause, the Debtor retained new counsel and served the loss mitigation request.

21. Nationstar respectfully objects to loss mitigation on both procedural and substantive grounds.

22. Procedurally, since the loss mitigation request was not served until after July 1, 2019, a motion for loss mitigation may be required. If so, the Debtor has not met his burden for loss mitigation. The E.D.N.Y. Judge's Procedures provide in § 22 that a motion for loss mitigation shall "include sufficient information to demonstrate that the debtor has a likelihood of succeeding in loss mitigation, state whether the debtor has been denied loss mitigation option(s) within the year prior to the current request, and if the debtor has been denied loss mitigation option(s) within the year prior to the current request, explain what circumstances have changed since the prior denial."

23. The First Objection notes that Nationstar gave the Debtor a good faith review for a loan modification, which resulted in a trial loan modification offer, with three monthly payments of $3,571.77 due on the first of each month from May 1, 2018 to July 1, 2018 (the "2018 Trial").

24. For the 2018 Trial, Nationstar calculated the monthly trial payment by recapitalizing the arrears of $650,033.43 from what was then a nearly eleven year default dating back to September 1, 2007.

The term was extended to 480 months, which is the maximum possible term. After recapitalization of the arrears, the modified unpaid principal balance would be $954,284.08. Nationstar then offered principal forbearance, forbearing $286,285.22 as non-interest bearing deferred principal. The remaining interest-bearing principal balance, at that time, was $667,998.86. Lastly, the interest rate would have been lowered from the current 9.7% to a market rate of 4.375%. The monthly principal and interest payment would have been lowered from $3,509.02 to $2,949.61. These calculations resulted in the trial loan modification offer, which the Debtor declined.

25. In the third and instant bankruptcy case, in May 2019, Nationstar gave the Debtor an additional loss mitigation review (the "2019 Review"). However, due to the ongoing accumulation of arrears, the most recent 2019 Review resulted in a denial due to Nationstar's inability to reduce the monthly principal & interest payment, as required.

26. In the 2019 Review, after recapitalization of the arrears, the unpaid principal balance would have increased from $424,394.24 to $1,028,087.89. Of that $1,028,087.89, $308,426.36 would have been deferred as non-interest-bearing unpaid principal (i.e. a balloon payment), with the remaining interest-bearing principal balance of $719,661.53. The interest rate would be lowered from the current 9.7% to a market rate of 4.375%. After all these steps, the monthly principal and interest payment would increase from $3,509.02 to $4,895.08. The total post-modification payment, inclusive of escrow, would be $5,638.19.

27. Nationstar's loan remains contractually due for September 1, 2007, over twelve years ago.

28. The first payment on Nationstar's loan was due on January 1, 2007. As such, less than one year of payments have been made over the life of the loan. No payments have been made during the Debtor's three recent bankruptcies.

29. In the third and instant case, the Debtor's Schedule I lists gross monthly household income of $14,826.50 and net monthly household income of $6,501.21. The Debtor's Schedule J lists

monthly expenses of $7,255.50, including a monthly mortgage payment of $3,872.00. The Debtor's Schedule J currently shows a net monthly loss of ($754.29). With the required payment increase in the mortgage, any modification would only increase the lack of affordability. For instance, using the 2019 Review mortgage payment of $5,638.19, the net monthly loss would be ($2,520.48).

30. In the third and instant case, the Debtor's Schedule A/B values the Property at $559,000. The payoff on Nationstar's loan now exceeds $1,028,087.89, and the Debtor recently received a discharge. As such, if feasible for the Debtor, surrender of the Property in the instant bankruptcy would be financially sensible.

31. If this Court is inclined to grant loss mitigation, Nationstar respectfully requests monthly adequate protection payments in the amount of $5,638.19, based on the lack of equity, the twelve year default, and the 2019 Review figures.

32. In any case, since the Debtor cannot obtain a better loan modification offer than the one he recently rejected, Nationstar respectfully objects to loss mitigation on the grounds that further loss mitigation would be moot and dilatory.

**WHEREFORE** the undersigned respectfully requests the Court to deny the Debtor's Request for Loss Mitigation; or, alternatively, monthly adequate protection payments in the amount of $5,638.19; together with such other and further relief as may be just and proper.

Date: December 17, 2019

/s/ Katherine Heidbrink
Katherine Heidbrink
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Nationstar Mortgage LLC d/b/a Mr.
Cooper as Servicer for Deutsche Bank National Trust
Company as Trustee for Merrill Lynch Mortgage
Investors Trust, Mortgage Loan Asset-Backed
Certificates, Series 2007-MLN1
One Huntington Quadrangle, Suite 3N05
Melville, NY  11747

Telephone: (631) 844-9611
Fax: (631) 844-9525

**SHAPIRO, DICARO & BARAK, LLC**
Attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper
as Servicer for Deutsche Bank National Trust Company as
Trustee for Merrill Lynch Mortgage Investors Trust,
Mortgage Loan Asset-Backed Certificates, Series 2007-
MLN1
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747
Telephone: (631) 844-9611, Fax: (631) 844-9525
**Katherine Heidbrink**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| IN RE | CHAPTER 7 |
| FRANK DIDIO | CASE NO. 1-19-41281-cec |
| DEBTOR | |

## <u>AFFIDAVIT OF SERVICE BY MAIL</u>

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | )ss: |
| COUNTY OF SUFFOLK | ) |

I, Jordan Rebolini, being sworn, say, I am not a party to this action; I am over 18 years of age, I

reside in Suffolk County, New York.

On December 17, 2019 I served the within Objection to Loss Mitigation Request upon:

TO:    Debtor
Frank Didio
205 Riedel Avenue
Staten Island, NY 10306

Co-Debtor
Tami Didio
205 Riedel Avenue
Staten Island, NY 10306

Attorney for Debtor
Edward Delli Paoli
3295 Amboy Road
Suite 10
Staten Island, NY 10306
Attorney for Debtor

Rachel S. Blumenfeld
Law Office of Rachel S. Blumenfeld
26 Court Street
Suite 2220
Brooklyn, NY 11242

Trustee
Richard J. McCord
Certilman Balin Adler & Hyman
90 Merrick Avenue
East Meadow, NY 11554

U.S. Trustee - Brooklyn
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

at the addresses designated by the foregoing individuals for that purpose by depositing a true copy of same

enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and

custody of the United States Postal Service within the State of New York.

Date:  December 17, 2019

Jordan Rebolini
Legal Assistant
Shapiro, DiCaro & Barak, LLC
Attorneys for Nationstar Mortgage LLC d/b/a Mr.
Cooper as Servicer for Deutsche Bank National Trust
Company as Trustee for Merrill Lynch Mortgage
Investors Trust, Mortgage Loan Asset-Backed
Certificates, Series 2007-MLN1
One Huntington Quadrangle, Suite 3N05
Melville, NY  11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

Sworn to before me this
17th day of December, 2019

Notary Public

DEBORAH CALLAHAN
Notary Public, State of New York
Registration No. 01-CA6278202
Qualified in Suffolk County
Commission Expires    3/18    20 21

18-070469                          Affidavit of Service                          Page 8 of 2

Exhibit '1'

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

IN RE

|  |  |
|---|---|
| FRANK DIDIO, | CHAPTER 7 |
|  | CASE NO. 18-42651 |
| DEBTOR. | JUDGE: Carla E. Craig |

### OBJECTION TO LOSS MITIGATION REQUEST

Katherine Heidbrink, attorney for Nationstar Mortgage LLC as Servicer for Deutsche Bank National Trust Company as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-MLN1, affirms under penalty as follows:

1. I am a Bankruptcy Attorney with Shapiro, DiCaro & Barak, LLC, attorneys for Nationstar Mortgage LLC as Servicer for Deutsche Bank National Trust Company as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-MLN1 ("Nationstar"), and am familiar with the facts and circumstances surrounding this matter.

2. Nationstar holds a mortgage on the Debtor's real property located at 205 Riedel Avenue, Staten Island, NY 10306 (the "Property").

3. This Objection is submitted in response to the Loss Mitigation Request filed on May 7, 2018 by the Debtor.

4. Nationstar hereby objects to loss mitigation on the ground of mootness.

5. The Debtor recently received and declined a trial loan modification offer. Nationstar recently approved the Debtor for a trial loan modification offer on April 5, 2018, a copy of which is attached as **Exhibit "A."** The trial loan modification offer was mailed to counsel for the Debtor in the instant bankruptcy case. Our firm also emailed a courtesy copy of the trial loan modification offer to the Debtor's Attorney on May 23, 2018.

6. On May 31, 2018, the Debtor's Attorney advised our firm that the Debtor will be declining the existing trial loan modification offer because the Debtor mistakenly believes that submitting an initial financial package will result in a lower trial loan modification payment. For the reasons set forth herein, that belief is inaccurate. The April 5, 2018 trial loan modification is the best available

offer. Additionally, potential future loan modification reviews would only result in a higher monthly payment, not a lower monthly payment.

7. The existing trial loan modification offer was a three month offer under the Flex Modification, with three monthly payments of $3,571.77 each due on the first of each month from May 1, 2018 to July 1, 2018.

8. Nationstar calculated the monthly trial payment by recapitalizing the arrears of $650,033.43 from a nearly eleven year default dating back to September 1, 2007. The term was extended to 480 months, which is the maximum possible term. After recapitalization of the arrears, the modified unpaid principal balance would be $954,284.08. Nationstar then offered principal forbearance, forbearing $286,285.22 as non-interest-bearing deferred principal. The remaining interest bearing principal balance would be $667,998.86. Lastly, the interest rate was lowered from the current rate of 9.7% to a market rate of 4.375%. These calculations resulted in the trial loan modification offer, which the Debtor declined.

9. There is nothing else that can be done to lower the monthly mortgage payments for this Debtor. The monthly principal and interest payment was already lowered from $3,509.02 to $2,949.61 as part of the April 5, 2018 modification review. If the Debtor cannot afford this payment, then liquidation options are the only available alternative. At the time of review, the Debtor was contractually 129 payments due, a default of nearly eleven years. With such a large delinquency, Nationstar cannot further lower the monthly mortgage payment.

10. Additionally, Nationstar's Flex Modification is a no document review, which seeks to lower the monthly mortgage payment. However, the Debtor's Schedule I shows that the Debtor only makes $2,309.00 in monthly income. As such, the Debtor concedes that he cannot afford the modified principal and interest payment, much less the escrowed loan.

11. For all of the reasons set forth herein, the Debtor cannot obtain a better loan modification deal than the one he just declined. As such, Nationstar respectfully objects to loss mitigation on the ground of mootness.

**WHEREFORE** the undersigned respectfully requests the Court deny the Debtor's Request for

Loss Mitigation; together with such other and further relief as may be just and proper.

Date: June 7, 2018

/s/ Katherine Heidbrink
Katherine Heidbrink
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Nationstar Mortgage LLC as Servicer
for Deutsche Bank National Trust Company as
Trustee for Merrill Lynch Mortgage Investors Trust,
Mortgage Loan Asset-Backed Certificates, Series
2007-MLN1
One Huntington Quadrangle, Suite 3N05
Melville, NY  11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

**SHAPIRO, DICARO & BARAK, LLC**
Attorneys for Nationstar Mortgage LLC as Servicer for
Deutsche Bank National Trust Company as Trustee for
Merrill Lynch Mortgage Investors Trust, Mortgage Loan
Asset-Backed Certificates, Series 2007-MLN1
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747
Telephone: (631) 844-9611, Fax: (631) 844-9525
**Katherine Heidbrink**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| IN RE | CHAPTER 7 |
| | |
| FRANK DIDIO, | CASE NO. 18-42651 |
| | |
| DEBTOR. | |

## AFFIDAVIT OF SERVICE BY MAIL

| STATE OF NEW YORK | ) |
| | )ss: |
| COUNTY OF SUFFOLK | ) |

I, Deborah Callahan, being sworn, say, I am not a party to this action; I am over 18 years of age, I

reside in Suffolk County, New York.

On June 7, 2018 I served the within Objection to Loss Mitigation Request upon:

TO:    Debtor
       Frank Didio
       205 Riedel Avenue
       Staten Island, NY 10306

       Attorney for Debtor
       Steven Amshen
       Petroff Amshen LLP
       1795 Coney Island Avenue
       Suite 3
       Brooklyn, NY 11230

       Trustee
       Paul I. Krohn
       40 Clinton Street
       Suite 1G
       Brooklyn, NY 11201

U.S. Trustee
U.S. Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

at the addresses designated by the foregoing individuals for that purpose by depositing a true copy of

same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive

care and custody of the United States Postal Service within the State of New York.

Date:  June 7, 2018

Deborah Callahan
Bankruptcy Paralegal
Shapiro, DiCaro & Barak, LLC
Attorneys for Nationstar Mortgage LLC as Servicer
for Deutsche Bank National Trust Company as
Trustee for Merrill Lynch Mortgage Investors Trust,
Mortgage Loan Asset-Backed Certificates, Series
2007-MLN1
One Huntington Quadrangle, Suite 3N05
Melville, NY  11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

Sworn to before me this
7th day of June, 2018

_____
Notary Public

CHRISTINA AHLSEN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01AH6360863
QUALIFIED IN SUFFOLK COUNTY
MY COMMISSION EXPIRES JUNE 26, 2021

# EXHIBIT "A"



P.O. Box 619097
Dallas, TX 75261

PETROFF AMSHEN LLP
1795 CONEY ISLAND AVE STE 3RD FLOOR
BROOKLYN NY 11230



P.O. Box 619097
Dallas, TX 75261

CHANGING THE FACE OF HOME LOANS

Call 866-316-2432
for Immediate Assistance.

PETROFF AMSHEN LLP                          April 5, 2018
1795 CONEY ISLAND AVE STE 3RD FLOOR
BROOKLYN NY 11230

Re: Loan Number:         ████7544
        Case#:    1840369, FRANK DIDIO
Property Address:    205 RIEDEL AVE
                     STATEN ISLAND NY 10306

**Congratulations !** Your client is approved to enter into a Trial Period Plan under the Flex Modification Program. This is the *first* step in the process toward qualifying for a **permanent** loan modification. It is important that your client reads this information in its entirety so your client completely understand the actions they need to take to successfully complete the Trial Period Plan to permanently modify their mortgage.

**To Accept this Offer**

Your client must contact us at 866-316-2432 or in writing at Mr. Cooper, P.O. Box 619097, Dallas, TX 75261, by no later than 14 calendar days from the date of this letter to indicate their intent to accept this offer. In addition, your client must make their first Trial Period Plan payment by 5/1/2018.

**To Stop the Foreclosure Process (Suspension of Foreclosure)**

In order for us to delay referring your client's mortgage to foreclosure, or to suspend foreclosure proceedings if the loan has been referred to foreclosure:

- Your client must contact us at 866-316-2432 or in writing at Mr. Cooper, P.O. Box 619097, Dallas, TX 75261-9741, by no later than 14 calendar days from the date of this letter to indicate their intent to accept this offer.

- Your client may also make the first Trial Period Plan payment by no later than 14 calendar days from the date of this letter, which is **earlier than the schedule due date** described below, in order for us to stop the foreclosure process.

**What you need to do...**

To accept this offer, your client must make the new monthly "trial period payments" in place of the normal monthly mortgage payment. Please send the new monthly trial period payments, according to the schedule below. *In addition, it's important to know that your client's new trial period payments must include escrow for property taxes and homeowners insurance. Your client's payments may increase to reflect this escrow amount.*

| **Trial Period Plan** |
|---|
| 1st payment: $3,571.77 due 5/1/2018 |
| 2nd payment: $3,571.77 due 6/1/2018 |
| 3rd payment: $3,571.77 due 7/1/2018 |

Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC. All rights reserved.

**Please be advised this communication is sent for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code. If this account has been discharged in a bankruptcy proceeding, be advised this communication is for informational purposes only and not an attempt to collect a debt against you; however, the servicer/lender reserves the right to exercise the legal rights only against the property securing the loan obligation, including the right to foreclose its lien under appropriate circumstances. Nothing in this communication shall be construed as an attempt to collect against the borrower personally or an attempt to revive personal liability.**



NHTAB                                    Page 1

After all trial payments are made on time and your client has submitted all the required documents, your client's mortgage will then be reviewed to be permanently modified (the existing loan and loan requirements remain in **full force and effect** and unchanged during the trial period). **If each trial payment is not received by Mr. Cooper in the month in which it is due, this offer will be terminated and your client's loan will not be modified under the Flex Modification program.**

If you or your client have any questions or concerns, the Dedicated Loan Specialist is Kimberlee Smith and can be reached at (866)-316-2432 EXT. 4670024. If your client feels that they cannot afford the Trial Period Plan payments shown above but wants to remain in their home, or if your client has decided to leave their home, please contact us 866-316-2432 or via mail at Mr. Cooper LLC, P.O. Box 619097, Dallas, TX 75261-9741, or email us at customerrelations@mrcooper.com . Visit us on the web at www.mrcooper.com for more information.

If you or your client have questions about the Home Affordable Modification, call the Homeowner's HOPE™ Hotline at 1-888-995-HOPE (4673). This Hotline can help with questions about the program and offers access to free HUD-certified counseling services in English and Spanish. You and your client can also visit www.HUD.gov for additional information.

To help streamline the process and avoid delays, we proudly offer eSign. eSign will allow your client to receive and sign documents electronically. Please contact the Dedicated Loan Specialist for more details.

Sincerely,

Mr. Cooper
Foreclosure Prevention Department
www.mrcooper.com

**Additional Trial Period Plan Information and Legal Notices and Frequently asked Questions**

- This Trial Period Plan offer is contingent on your client providing accurate and complete information. We reserve the right to revoke this offer or terminate the plan following your client's acceptance if we learn of information that would make your client ineligible for the Trial Period Plan.

- Once your client's loan is permanently modified, there is no pre-payment penalty for paying more than the amount due and your client can always pay more if you want to reduce your principal balance more quickly. However your client will not be permitted to pay any less than the required payment.

  Once your client has successfully made each of your payments by their due dates, your client has submitted two signed copies of the modification agreement, and we have signed the modification agreement, your client's mortgage will be permanently modified in accordance with the terms of their modification agreement.

  **We must receive each payment, in the month in which it is due. If your client misses a payment or do not fulfill any other terms of the Trial Period Plan, this offer will end and the mortgage loan will not be modified.**

- Please note that except for your client's monthly mortgage payment amount during the Trial Period Plan, the terms of your client's existing note and all mortgage requirements remain in effect and unchanged during the Trial Period Plan.

- In the event of any action arising out of or relating to this Agreement, each party shall bear its own costs and expenses, including reasonable attorneys fees, incurred in connection with such action.

**We will not refer your client's loan to foreclosure or proceed to foreclosure sale during the Trial Period Plan, provided your client is complying with the terms of the Trial Period Plan:**

- Any pending foreclosure action or proceeding that has been suspended may be resumed if your client fails to comply with the terms of the plan or does not qualify for a permanent modification.

- Your client agrees that we will hold the trial period payments in an account until sufficient funds are in the account to pay the oldest delinquent monthly payment. Your client also agrees that we will not owe you interest on the amounts held in the account. If any money is left in this account at the end of the Trial Period Plan and your client qualifies for a loan modification, those funds will be deducted from amounts that would otherwise be added to the modified principal balance.

- Our acceptance and posting of your client's payment during the trial period will not be deemed a waiver of the acceleration of the loan (or foreclosure actions) and related activities, and shall not constitute a cure of your client's default under the loan unless such payments are sufficient to completely cure your client's entire default under the loan.

**If your client's monthly payment did not include escrows for taxes and insurance, your client is now required to do so:**

- Your client agrees that any prior waiver that allowed your client to pay directly for taxes and insurance is revoked. Your client agrees to establish an escrow account and to pay required escrows into that account.

- **It's imporant to know that the new trial period payments are required to include escrow for property taxes and homeowners insurance. Your client's payments may increase to reflect this escrow amount.**

**Your client's current loan documents remain in effect; however, your client may make the trial period payment instead of the payment required under your loan documents:**

- Your client agrees that all terms and provisions of their current mortgage note and mortgage security instrument remain in full force and effect and your client will comply with those terms; and that nothing in the Trial Period Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the loan documents.

- Please note that if your client fails to comply with the terms of the plan, or later fail to comply with the terms of the modification agreement after completion of the plan, your client may be ineligible for another loan modification.

**The Trial Period Plan notice will be rescinded if an error is detected.**

- Your client agrees that if an error in the terms of the Trial Period Plan or your eligibility is detected after issuance of the Trial Period Plan notice, the Trial Period Plan may become void and of no legal effect upon notice to your client of such error. Your client understands that a corrected Trial Period Plan will be provided to you if it is determined that your client remains eligible for a loan modification after correction of the error.

*If your client previously received a Chapter 7 bankruptcy discharge, but did not reaffirm the mortgage debt under applicable law:*

Your client agrees that they were discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents. Based on this representation, Lender agrees that your client will not have personal liability on the debt pursuant to this Trial Period Plan.

**Q. What else should my client know about this offer?**

- If your client makes the new Trial Period Plan payments timely, and and continues to remain eligible for the permanent modification, **we will not conduct a foreclosure sale.**

- If your client's loan is modified, we will waive all unpaid late charges.

- **Credit Reporting:** We will continue to report the delinquency status of your client's loan to credit reporting agencies as well as their entry into a Trial Period Plan in accordance with the requirements of the Fair Credit Reporting Act and the Consumer Data Industry Association requirements. **Credit scoring companies generally consider the entry into a plan with reduced payments as an increased credit risk. As a result, entering into a Trial Period Plan may adversely affect your credit score, particularly if your client has a good credit score.** For more information about your credit scores go to ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm.

**Q. Why is there a trial period?**

The trial period offers your client immediate payment relief and g ives your client time to make sure they can manage the estimated new monthly mortgage payment. The trial period is temporary, and your client's existing loan and loan requirements remain in effect and unchanged during the trial period.

**Q. When will I know if my client's loan can be modified permanently and how will the modified loan balance be determined?**

If your client continue to remain eligible for the permanent modification, once your client makes all of the trial period payments on time and return to us the required copies of a modification agreement with their signature, we will sign one copy and send it back to your client so that you will have a fully executed modification agreement detailing the terms of the modified loan. Any difference between the amount of the Trial Period Payments and your regular mortgage payments will be added to the balance of your client's loan along with any other past due amounts as permitted by the loan documents. While this will increase the total amount that your client owes, it should not significantly change the amount of the modified mortgage payment.

**Q. What if my client enter into a trial plan prior to loss of good standing on their current HAMP modification?**

If a loan in a permanent modification under HAMP enters into a trial for another modification, your client's current modified payment and terms will be changed according to the terms of this notice. In addition, it is no longer eligible to receive incentives under the existing HAMP modification, even if it is not ultimately re-modified and the modification remains in effect.

**Q. Will your client's interest rate and principal and interest payment be fixed after the loan is permanently modified?**

Once your client(s) loan is modified, their interest rate and monthly principal and interest payment will be fixed for the life of the mortgage. Their new monthly payment may include an escrow for property taxes, hazard insurance and other escrowed expenses, unless its inclusion is prohibited by applicable law. If the cost of their homeowners insurance, property tax assessment or other escrowed expenses increases, their monthly payment will increases well.

**Loss Mitigation Options**

Your client(s) were evaluated for mortgage payment assistance based on the eligibility requirements of Deutsche Bank National Trust Company, the owner/guarantor/trustee of your client's mortgage loan. Deutsche Bank National Trust Company requirements for determining borrowers eligibility for a loan modification Trial Period Plan include the use of a hierarchy evaluation approach under which a borrower who is eligible for a modification program higher in the hierarchy is ineligible for a modification program lower in the hierarchy.

Based on our review of your client's financial circumstances, your client is approved approved for a Flex Modification. Below is a breakdown of their hierarchy evaluation:

Flex Modification - Approved

If you or your client have any questions regarding the information outlined in this document, the Dedicated Loan Specialist is Kimberlee Smith and can be reached at (866)-316-2432 EXT. 4670024, Monday through Friday, between 8:00 a.m. and 7:00 p.m. (CT), and Saturday, between 8:00 a.m. and 12:00 p.m. (CT) or via mail at Mr. Cooper LLC, P.O. Box 619097, Dallas, TX 75261-9741, or email us at customerrelations@mrcooper.com . Visit us on web at www.mrcooper.com for more information.

Your client has the right to appeal non-approval for a modification or to discuss loss mitigation options that may be available within 30 calendar days from the date of this notice. The appeal must be in writing and sent to the mailing address below. Please specify the basis for your dispute, and include any documentation you or your client believe is relevant to the appeal, such as property valuation or proof of income.

Mr. Cooper
Attn: Customer Relations
P.O. Box 619098
Dallas, TX 75261-9741

Please note the following:

A third-party appraisal or other written valuation was developed in connection with you application for loss mitigation. A copy of that evaluation should have been forwarded to your mailing address. If you did not receive a copy, please contact us directly to request an additional copy.

**Hawaii Residents:** If you believe a loss mitigation option request has been wrongly denied, you may file a complaint with the state division of financial institutions at 808-586-2820 or http://cca.hawaii.gov/dfi/.

**New York Residents:** Nationstar Mortgage LLC d/b/a Mr. Cooper is licensed by the New York City Department of Consumer Affairs License Number: 1392003. **If you believe a Loss Mitigation request has been wrongly denied, you may file a complaint with the New York State Department of Financial Services at 800-342-3736 or www.dfs.ny.gov.**

**New York Residents Income Disclosure:** If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI); social security; public assistance (welfare); spousal support, maintenance (alimony) or child support; unemployment benefits; disability benefits; workers' compensation benefits; public or private pensions; veterans' benefits; federal student loans, federal student grants, and federal work study funds; and ninety percent of your wages or salary earned in the last sixty days.

**Oregon Residents:** There are government agencies and nonprofit organizations that can give you information about foreclosure and help you decide what to do. For the name and telephone number of an organization near you, please call 211 or visit www.oregonhomeownersupport.gov. If you need help finding a lawyer, consult the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling 503-684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at 800-452-7636. Free legal assistance may be available if you are very low income. For more information and a directory of legal aid programs, go to www.oregonlawhelp.org.

**North Carolina Residents:** Nationstar Mortgage LLC d/b/a Mr. Cooper is licensed by the North Carolina Commissioner of Banks, Mortgage Lender License L-103450. Nationstar Mortgage LLC d/b/a Mr. Cooper is also licensed by the North Carolina Department of Insurance, Permit Numbers 105369, 112715, 105368, 111828, 112953, and 112954. **If you believe a Loss Mitigation request has been wrongly denied, you may file a complaint with the North Carolina Office of the Commissioner of Banks website www.nccob.gov.**

**Texas Residents:** COMPLAINTS REGARDING THE SERVICING OF A MORTGAGE SHOULD BE SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5550. A complaint form and instructions may be downloaded and printed from the Department's website located at www.sml.texas.gov or obtained from the department upon request by mail at the address above, by telephone at its toll-free consumer hotline listed above, or by email at smlinfo@sml.texas.gov.

## Notices of Error:

If you believe an error has been made with respect to your mortgage loan, you should provide to us in writing the following information: Your name (and the name of the borrower, if you are an authorized third party), the loan account number, and the error you believe has occurred. To submit a notice of error, you must send this information to the following address:

Mr. Cooper
Attn: Customer Relations
P.O. BOX 619098
DALLAS, TX 75261-9741

## Requests for Information:

To request information regarding your account, you should provide to us in writing the following information: Your name (and the name of the borrower, if you are an authorized third party), the loan account number, and the information you are requesting with respect to your mortgage loan. To submit a request for information, you must send this information to the following address:

Mr. Cooper
Attn: Customer Relations
P.O. BOX 619098
DALLAS, TX 75261-9741