UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
———————————————————-X
In re:

                                      Chapter 7

FRANK DIDIO,                          Case No: 1-19-41281-cec

                    Debtor.
———————————————————-X

## REPLY TO CREDTIOR'S OBJECTION TO
## LOSS MITIGATION REQUEST BY THE DEBTOR

The creditors' objection to loss mitigation order should be denied and debtor should be entitled to participate in Loss Mitigation.

The reasons given in creditor's objections are not grounds to deny the debtor rights to participate in loss mitigation.

The Debtor, Frank Didio, filed the instant chapter 7 bankruptcy case on March 5, 2019. The attorney that filed the case is not very familiar with handling loss mitigation in Bankruptcy Court and filed a Request to enter into the Loss Mitigation Program on April 10, 2019 [ECF Docket No. 14] with respect to the Debtor's home, located at 205 Riedel Avenue, Staten Island (the "Property") without serving same on the creditor.

On June 24, 2019, an Order was entered [ECF Docket No. 26] Directing the Debtor to Serve the Loss Mitigation Request on the mortgagee. The Order directs that the Debtor is:

> ORDERED, if the Debtor desires to pursue the Loss Mitigation Request, the Debtor shall serve the mortgagee with the Loss Mitigation Request in accordance with the Notice of Appearance, and file proof thereof within 7 days of entry of this order.

In the Objection to Loss Mitigation Request Filed by counsel to Nationstar Mortgage as Servicer for Deutsche Bank National Trust Company ("Nationstar") filed on December 17, 2019

[ECF Docket No. 32], they object on procedural grounds, even though the Debtor was not ordered to file a Motion in order to Request Loss Mitigation.

The undersigned counsel was retained by the Debtor on December 3, 2019, and on that same date, counsel mailed the Request to Enter into Loss Mitigation to counsel for Nationstar. [See ECF Docket 30]. The Debtor thus believes he is compliant in terms of procedural grounds.

As far as substantive grounds, the Debtor is requesting a chance to either receive a trial offer that is affordable (the Debtor was unaware of the most recent offer Nationstar extended to him as his prior counsel did not relay that offer) so that the Debtor can remain living near his three children ages 14, 16 and 18 years old, with whom he has joint custody and needs the space for them to stay.

Aside from the Debtor being able to afford the modification offered in 2018; and the Debtor had not heard about the modification offer in 2019, the Debtor would be interested in discussing options including a modification, and other non retention options such as a deed in lieu of foreclosure or short sale, instead of being foreclosed out of his home.

Based on the above, the creditor's objection should be denied and the Debtor should have a chance to pursue loss mitigation options, including non retention options.

**WHEREFORE,** the Debtor objects to the creditor's objection to loss mitigation request by the Debtor and respectfully requests that the Court deny the creditor's objection to loss mitigation and great such other and further relief and this Court deems just and proper.

Dated: Brooklyn, New York
January 21, 2020

                 _/s/ Rachel S. Blumenfeld, Esq._
                 Rachel Blumefneld, Esq.
                 Law Office of Rachel S. Blumenfeld PLLC

26 Court Street, Suite 2220
Brooklyn, New York 11242
(718) 858-9600